**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>$76,921.47 seized from Wells Fargo Bank Account XXXXXX6541, et al.,<br><br>Defendants. | No. CV-12-02258-PHX-DGC<br><br>**ORDER** |

Before the Court is Claimants' motion to vacate judgment. Doc. 28. Claimants urge the Court to overlook their three-month delay in responding to Plaintiff's motion for summary judgment. Claimants assert that retained counsel's hectic work schedule, combined with this Court's failure to provide a date to respond to Plaintiff's motion for summary judgment, explain Claimants' failure to respond to the motion and justify vacating the order granting summary judgment. *Id*. at 2-3.

The Court will deny Claimants' motion. Retained counsel's failure to respond to Plaintiff's motion for summary judgment was not the basis for granting the motion. The Court addressed the motion on the merits and granted summary judgment because Claimants failed to respond to Plaintiff's requests for admission. Doc. 26 at 5-6. Unanswered requests for admission are deemed admitted and "may be relied on as a basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007); Fed.R.Civ.P. 36(a)(3). The government asked each Claimant to "[a]dmit that the defendant property are proceeds or property traceable to being involved in a transaction

or attempted transaction in violation of 21 U.S.C. § 881(A)(6), 18 U.S.C. § 981(a)(1)(A) and 18 U.S.C. § 981(A)(1)(C)." Doc. 24 ¶ 147 or 153. Claimants failed to respond, and their resulting admissions covered every item of disputed property in this action. As a result, all defendants *in rem* were subject to forfeiture and the Court properly granted summary judgment.

Claimants assert that an unrepresented party, Ms. Pamela Womack, is prejudiced by the Court's order granting summary judgment. But Ms. Womack has not filed an answer or otherwise appeared. She is not a claimant in this case. Indeed, default was entered against her and all potential claimants other than White and Higginbotham on June 20, 2013. Doc. 22.[1]

**IT IS ORDERED** that Claimants' motion to vacate judgment (Doc. 28) is **denied**.

Dated this 23rd day of October, 2013.

_____
David G. Campbell
United States District Judge

---

[1] Although it is not relevant to the Court's reason for granting summary judgment, the Court must respond to the argument of Claimant's counsel that he was waiting for the Court to set a date for his response to the motion for summary judgment. The Court's staff did contact Claimant's counsel on more than one occasion to ask whether he intended to respond to the motion. Each time he said he would file a response as soon as he was able. After three and one-half months, no response had been filed and the Court decided to rule on the motion. The courtesy of the Court's staff in inquiring about a response should not be asserted as a reason for not responding, particularly when the rules set a response date and Claimant's counsel never requested an extension.