**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-12-02258-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| $76,921.47 seized from Wells Fargo Bank Account XXXXXX6541, et al., | |
| Defendants. | |

The Court entered summary judgment in favor of the government on October 10, 2013. Doc. 26. The Court denied Claimants White and Higginbotham's motion to vacate on October 23, 2013. Doc. 29. In their motion to vacate, Claimants asserted that an unrepresented party, Ms. Pamela Womack, was prejudiced by the Court's order granting summary judgment. Doc. 28 at 5. In its order denying Claimants' motion, the Court noted that Womack had not filed an answer or otherwise appeared in the action. As a result, the Court concluded that she is not a claimant in this case. Indeed, default had been entered against her and all potential claimants other than White and Higginbotham on June 20, 2013. Doc. 22. Womack has now filed a motion for reconsideration. Doc. 30. The Court will deny the motion.

**I.   Background.**

The IRS seized many assets from Claimant White's home in April 2012, including the 2007 Harley Davidson V-Rod motorcycle ("V-Rod") at issue in Womack's motion

for reconsideration. On June 25, 2012, the IRS sent Womack a notice of administrative forfeiture proceedings warning Womack that if she wished to submit a claim to the V-Rod, she must do so by July 30, 2012. Doc. 34-1 at 1-4. The IRS' notice was sent via certified mail, return receipt requested. On July 10, 2012, Marcus Womack, Womack's cousin who lived with her, signed the return receipt. *Id*. at 5. Womack never filed a claim with the IRS.

Womack asserts that she never received any paperwork or notice in relation to this or any other forfeiture action. Doc. 30 at 2. She believes that her cousin kept the paperwork from her to punish her for kicking him out of her home. *Id*.

## II. Discussion.

### A. Criminal Forfeiture.

The notice provided by the IRS complied with statutory law and with Supreme Court precedents. 18 U.S.C. § 983(a)(1)(A)(i) (administrative notice of forfeiture "shall be sent in a manner to achieve proper notice[.]"); *Mullane v. Cent. Hannover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (holding that while actual notice is not required, notice must be "reasonably calculated under all the circumstances" to apprise relevant persons of pending proceedings); *see also Dusenberry v. United States*, 534 U.S. 161, 172-73 (2002) (affirming *Mullane*'s rule that method of sending notice must be reasonably calculated to provide actual notice and that government is not required to prove that intended recipient had actual notice). Womack was thus on notice or constructive notice of the forfeiture proceedings.

The government has also demonstrated that Womack was on actual notice that the government was seeking forfeiture of the V-Rod. Womack's uncle, Claimant White, was indicted and prosecuted for trafficking and money laundering conspiracies. In his criminal trial, Womack was called as a witness to testify about the seizure and forfeiture of the V-Rod. On March 27, 2013, she testified that she was Claimant White's niece, that she paid cash for the V-Rod, and that the government seized the V-Rod from Claimant White's home. Doc. 34-2 at 3-5. She was clearly on notice that the government was

seeking forfeiture of the V-Rod. Nevertheless, she failed to assert a claim to the V-Rod until November 2013.

The jury found Claimant White guilty on all counts against him. It also found that there was a nexus between the V-Rod and the conspiracy offenses. Doc. 34-3 at 8. The Court entered a preliminary order of forfeiture on June 26, 2013, finding that there was a nexus between the V-Rod and Claimant White's criminal conduct. Doc. 34-4 at 2. As required, the government published notice of the intended forfeiture for 30 days. Doc. 34-5. Again, Womack failed to file a claim to the V-Rod. Because Womack was on notice or constructive notice of the forfeiture proceedings and failed to file a claim or petition for the V-Rod, the Court concludes that her interest in the V-Rod was forfeited.

**B.     Civil Forfeiture.**

The government instituted this civil action on October 22, 2012, in response to an administrative claim that Claimants White and Higginbotham filed with the IRS on July 23, 2012. Doc. 1. Although Womack claims that she was represented by counsel with respect to the motorcycle and this case (Doc. 30 at 1), she never filed a claim or an answer in this action. The Court entered default against all potential claimants other than Claimants White and Higginbotham on June 20, 2013. Doc. 22. On October 10, 2013, the Court granted the government's motion for summary judgment seeking forfeiture of all of the assets claimed, including the V-Rod. Doc. 26. Womack requests that the Court reconsider its order granting summary judgment and that it "release [her] property to [her]." Doc. 30. Although the Court is sympathetic to her situation, it simply cannot grant the relief she requests given her repeated failures to timely file a claim to the forfeited property.

Womack's motion is untimely. It was not filed within 14 days of the Court's order as required by Local Rule of Civil Procedure 7.2(g)(2).

In addition, motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV-09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied

"absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Womack has not argued that any of the four circumstances apply to her and the Court does not believe that any apply. Womack appears to argue that she was denied due process of law because she never had notice of the forfeiture proceedings or because her lawyer failed to assert a claim on her behalf in this action. The Court cannot agree. The government has demonstrated that it satisfied the standard articulated in *Mullane*. In addition, the failure of Womack's lawyer to assert a claim on her behalf is not a reason for the Court to grant her motion for reconsideration under the local rule.

Given that Womack is effectively appearing pro se, the Court will also construe her filing as a motion for relief under Rule 60(b). The Court may grant a motion for relief from judgment under Rule 60(b) only "upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a

- 4 -

satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* at 1263; *see* Fed. R. Civ. P. 60(b); *Allmerica Fin. Life Ins. & Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) (stating that party must show "extraordinary circumstances" to obtain relief under Rule 60(b)(6)).  The only ground upon which relief might plausibly be granted in Womack's favor under Rule 60(b) is for excusable neglect. *See Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).  The Court cannot conclude that Womack has established excusable neglect given her knowledge of the criminal case, her knowledge that the motorcycle was seized by the government almost two years ago, and her representation by counsel in this case.  The Court concludes, therefore, that relief must not be granted under Rule 60(b).

**IT IS ORDERED** that Ms. Womack's motion for reconsideration (Doc. 30) is **denied.**

Dated this 4th day of February, 2014.

_____
David G. Campbell
United States District Judge